IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARIUS HENDY,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, LP., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:18-CV-2075-TWT |

### OPINION AND ORDER

This is a personal injury action. It is before the Court on the Defendant Razor USA, LLC's Motion for Summary Judgment [Doc. 180]. For the reasons set forth below, the Defendant Razor USA, LLC's Motion for Summary Judgment [Doc. 180] is GRANTED.

### I. Background

The Plaintiff Tarius Hendy was allegedly injured at a Walmart store in Henry County, Georgia, when a "hoverboard" or similar item fell and struck her neck and right shoulder. (Compl. ¶¶ 13-15.) The Plaintiff has never precisely identified the product involved in the accident. At various times her discovery responses have described either an electric skateboard or a manual skateboard, called the "RipStik Ripster," manufactured by Defendant Razor

USA, LLC. (Def.'s Statement of Undisputed Material Facts ¶¶ 11-19.)[1] According to the Plaintiff's deposition testimony, she was reaching for a RipStik Ripster on a top shelf when the side of its box collapsed and the skateboard fell into her. (*Id.* ¶¶ 23-30.) She admits that she was not able to see the condition of the box until a store manager responding to the incident removed it from the shelf. (*Id.* ¶ 48.) That manager, Tyler Owen, explained during his deposition that children would often take the RipStik Ripsters out of their packaging to ride them in the store. (*Id.* ¶¶ 51-54.) He said it was "rare" to find a skateboard still in its box. (Owen Dep. at 46:8-14.)

The Plaintiff originally filed this personal injury action against Defendant Wal-Mart Stores East, LP in state court and then added Razor as a defendant after the case was removed to federal court. She asserts claims for strict liability (Count One) and ordinary and gross negligence (Count Two) against Razor based on its allegedly defective and unreasonably dangerous packaging design. (Am. Compl. ¶¶ 16-25.) She also seeks to recover punitive damages (Count Five) and attorney's fees (Count Six) from Razor. (*Id.* ¶¶ 42-49.) As set forth in the Revised Scheduling Order [Doc. 169], the deadline for the Plaintiff to produce expert witnesses passed on October 15, 2021. Yet

---

[1] The operative facts in this Motion for Summary Judgment are taken from Razor's Statement of Undisputed Material Facts [Doc. 180-11]. Because the Plaintiff has failed to respond to Razor's factual assertions, the Court will deem them admitted so long as they are supported by evidentiary citations.

2

during the nearly four years this lawsuit has been pending, the Plaintiff has not offered a single expert to opine on her product liability claims against Razor. (Def.'s Statement of Undisputed Material Facts ¶ 8.) Razor now moves for summary judgment on all four claims against it based on the Plaintiff's lack of expert testimony.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.   Discussion

In a products liability action, whether proceeding on strict liability or negligence, a plaintiff must show that the proximate cause of her injury was a defect which existed when the product was sold. *See Carmical v. Bell Helicopter Textron, Inc.*, 117 F.3d 490, 494 (11th Cir. 1997); *Hall v. Scott USA,*

*Ltd.*, 198 Ga. App. 197, 200 (1990). A product design is considered defective when the risks inherent in the design outweigh the utility or benefit derived from the product. *See Banks v. ICI Ams., Inc.*, 264 Ga. 732, 734 (1994).

> This risk-utility analysis incorporates the concept of "reasonableness," i.e., whether the manufacturer acted reasonably in choosing a particular product design, given the probability and seriousness of the risk posed by the design, the usefulness of the product in that condition, and the burden on the manufacturer to take the necessary steps to eliminate the risk.

*Id.* The heart of design defect cases, according to the Georgia Supreme Court, is the availability of alternative designs—that is, "the existence and feasibility of a safer and equally efficacious design diminishes the justification for using a challenged design." *Id.* at 735-36.

Due to the technical nature of the *Banks* factors, expert testimony is ordinarily required to prove a design defect since a jury cannot reasonably draw that conclusion based on human experience alone. *See, e.g.*, *Shelton v. GALCO Int'l, Ltd.*, 2017 WL 3597497, at *5-6 (N.D. Ga. July 19, 2017) (granting summary judgment to a gun holster manufacturer where the plaintiff produced no expert testimony or other evidence for the risk-utility analysis); *Justice v. Ford Motor Co.*, 2012 WL 2513495, at *3-4 (N.D. Ga. June 27, 2012) (granting summary judgment to a car manufacturer where the plaintiff's sole expert would not attest to a design defect in the car)); *Mize v. HJC Corp.*, 2006 WL 2639477, at *3 (N.D. Ga. Sept. 13, 2006) (granting summary judgment to the defendant after excluding the plaintiff's expert

4

witness on a design defect). In the Court's view, the design and assembly of skateboard packaging is a subject outside the average juror's competence. It is also impossible to infer a defect in Razor's packaging based solely on the Plaintiff's accident: the box could have failed for any number of unexplored reasons, such as improper handling in transit or, as Mr. Owen testified, tampering by customers. *See Jenkins v. Gen. Motors Corp.*, 240 Ga. App. 636, 637 (1999) (holding "the mere fact of a tire blowout does not tend to establish that the tire was defective because blowouts can be attributed to myriad causes" (quotation marks, alterations, and brackets omitted)).

Without an expert risk-utility analysis, the Court concludes that the Plaintiff cannot survive summary judgment on her product liability claims. *See Justice*, 2012 WL 2513495, at *4 ("When faced with a summary judgment motion, Plaintiffs have the burden to demonstrate a genuine issue of material fact that the product is defectively designed; to do this, they must produce evidence from an expert who is qualified to conduct the risk-utility analysis and to opine that the risks inherent in the product's design outweigh the utility or benefit derived from the product." (brackets omitted)). The Plaintiff did not even file a response to Razor's Motion for Summary Judgment and thus offers no basis to excuse her lack of expert testimony. And because the strict liability and negligence claims fail as to Razor, so too do the claims for punitive damages and attorney's fees. *See Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 68 (2000) ("[A] claim for punitive damages has efficacy only if there is a valid

5

claim for actual damages to which it could attach." (quotation marks omitted)); *Gilmour v. Am. Nat'l Red Cross*, 385 F.3d 1318, 1324 (11th Cir. 2004) ("[A] claim for . . . attorney's fees under [O.C.G.A. § 13-6-11] requires an underlying claim."). Accordingly, the Court grants the Motion for Summary Judgment and enters judgment for Razor on all counts.

## IV.   Conclusion

For the foregoing reasons, the Defendant Razor USA, LLC's Motion for Summary Judgment [Doc. 180] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendant Razor USA, LLC on Counts One, Two, Five and Six of the Amended Complaint [Doc. 30].

SO ORDERED, this ___30th___ day of June, 2022.

_____<br>
THOMAS W. THRASH, JR.<br>
United States District Judge